*50 Opinion of the Court.
JONES agreed to sell to Campbell a horse, for which he was to give to Jones a note upon Sevier, for fifty dollars; but at that time neither the horse nor the note was delivered. Some time thereafter, they met with Sevier, when, in a conversation which ensued upon the subject of the contract, Jones asked Sevier, if the note was just; to which the latter replied, that it was, and that he would pay it ; but Jones having learnt, during the conversation, that the note was for money won at gaming, refused to take it. Sevier then reproached Jones for doubting his honor, and Jones being advised, that a note executed by Sevier for the fifty dollars, payable to himself, would be good, was at length induced to take it, Sevier accordingly executed a note to Jones, and Jones thereupon delivered his horse to Campbell. On that note, Jones brought suit and recovered a judgment at law against Sevier, who filed his bill with injunction to stay proceedings, upon the ground that the note was given for the payment of money won at unlawful gaming. The circuit court, on a final hearing, decreed that the injunction should be perpetual; and from that decree Jones has prosecuted a writ of error to this court.
1. It is difficult to perceive the principle upon which the decree of the circuit court can be sustained. It is said, where the winner of money at unlawful gaming, owes to another a just debt to the same amount, and the loser, instead of giving his note or bond to the winner, executes it to his creditor, who is ignorant of the unlawful gaming, that the note or bond will be valid.—Bac. Abr, title Gaming, letter B. 2 Med. 279. *51 From that case, it would seem to be implied, that the validity of the note or bond depended upon the creditor’s ignorance of the unlawful gaming; but as the note or bond was held not to be within the statute against gaming, the case cannot be considered as an adjudication, that the note or bond would be void, under the statute, if the creditor knew of the unlawful gaming; nor are we aware of any express adjudication to that effect. Such an adjudication would, we apprehend, be wholly unwarranted upon principle; for the statute contains no expression that can be construed so as to turn the validity of a note or bond thus executed to a third person, upon his ignorance or knowledge of the unlawful gaming : and if the note or bond, in such a case, be void under the statute, it is manifestly so, whether the person to whom it is executed has a knowledge of the gaming or not.
That the person to whom the note was given had full knowledge of the whole transaction, will not alter the case ; for as the note is not within the statute, such knowledge cannot put in within. Such note is between the parties to it, on a consideration lawful and valuable.
2. But the truth is, that in either case the note or bond is not within the statute; for the gaming debt is extinguished by the act of giving the note or bond ; and in strict propriety, the note or bond is executed for the payment of the just debt due to the payee or obligee, and not for the payment of the money won at play. Even at law, therefore, the note given by Sevier to Jones, for the price of his horse, cannot, we think be deemed void ; but, were it otherwise, as Jones has obtained a judgment at law for no more than in good conscience he is fairly entitled to, we can perceive no principle upon which a court of equity can interfere, at the instance of Sevier, to deprive Jones of the benefit of his judgment. Jones is not particeps criminis, and he is not a complainant seeking the aid of a court of equity; but a defendant, contending de jactura evitando, and not de lucro captando; and he has been placed even in this attitude, not by any fault of his own, but by the wrongful conduct of Sevier, who first importunes Jones to trust him and then insidiously attempts to betray the trust. A court of equity could not, under such circumstances, lend its aid to Sevier, without becoming the active instrument of iniquity.
The decree of the circuit court must be reversed with costs, and the cause be remanded, that the bill may be dismissed with costs and damages.