## HUGHES vs. YOUNG.

1. H. having purchased from D. "a claim on public land" for $50, and D. being indebted to P. in that amount due by open account, by mutual agreement between the three H. executed his note to P. "in payment of" D.'s indebtedness : *Held*, that this was a sufficient consideration to support an action on the note by P. or his assignee.

APPEAL from the Circuit Court of Barbour. Tried before the Hon. JOHN GILL SHORTER.

THIS action, which was commenced by summons and complaint, was founded on a promissory note for fifty dollars, executed by the defendant (Willis Hughes) on the 28th day of December, 1849, and payable to Benjamin Parmer by the first day of January, 1851. 'The defendant pleaded want of consideration. Verdict and judgment for plaintiff, under the charge of the court, which is now assigned for error.

JOHN COCHRAN, for the appellant, cited Duncan v. Hall, 9 Ala. 128, and Finn & Dulaney v. Barclay, 15 *ib.* 626.

J. L. PUGH, *contra*.

GOLDTHWAITE, J.—Hughes, the appellant, purchased from one Dunkin "a claim on public land," for which he was to pay him fifty dollars. Dunkin, being indebted to one Parmer by account, proposed to Hughes that he should execute his note for the amount to him, to which Hughes assented, and they went together to his house, and Hughes told Parmer that he was owing Dunkin fifty dollars for his claim on public lands, and had agreed to execute his note for that amount to him, instead of Dunkin, *"in payment"* of the indebtedness of the latter to him. Parmer assented, and Hughes executed his note payable to him. This was all the evidence, and it being admitted to be true, the court charged that the plaintiff, who was the assignee of Parmer, was entitled to recover. The only question here is as to the correctness of the charge.

We do not consider it necessary to decide whether the sale or transfer of a claim on public lands is a sufficient consideration to sustain the note ; for, if it is not, we think the plaintiff was entitled to recover upon the evidence.　Unquestionably, if one man borrow money *to pay* a gambling debt, it may be recovered, although it might be otherwise if the loan was made to gamble with ; and the fact that the lender knew the purpose to which the money was to be applied in discharge of such a debt would not affect his right to recover. The same principle governs in the present case.　Hughes says to Parmer, I will give you my note for fifty dollars which I owe Dunkin for a claim on public land, if you will receive it *in payment* of Dunkin's debt to you.　Parmer does so receive it, and the consideration, as between them, thus becomes the payment of the debt of Dunkin, and not the claim on the land.—Jones v. Sevier, 1 Litt. 50.　The consideration between Hughes and Parmer being good, the latter can recover, and his assignee has the same right.

It is supposed by the counsel for the appellant, that the case of Finn v. Barclay, 15 Ala. 626, militates against the view we have taken of the law ; but the distinction between the two cases is obvious.　There the note was illegal upon its face, and the holder received it as *collateral security*—he parted with nothing at the request of the maker, and consequently acquired no right independent of the note itself.

Judgment affirmed.